**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JeanMarie Magnotti,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-00760-PHX-DWL<br><br>**ORDER** |

At issue is the Commissioner of Social Security Administration's denial of Plaintiff's application for disability insurance benefits by the Social Security Administration ("SSA") under the Social Security Act. Plaintiff filed a complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 21, "Pl. Br."), Defendant SSA Commissioner's Response Brief (Doc. 22, "Def. Br."), and Plaintiff's Reply Brief (Doc. 25, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 18, "R.") and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 13-21) as upheld by the Appeals Council (*id.* at 1-3).

I.  Background

Plaintiff filed an application for disability insurance benefits on April 14, 2016, for a period of disability beginning on July 1, 2015. (R. at 144-45.) Her claim was denied initially on August 2, 2016, and upon reconsideration on November 18, 2016. (*Id.* at 53, 79.) Plaintiff appeared before the ALJ for a hearing regarding her claim on August 30,

2018, which the ALJ denied on January 14, 2019. (*Id.* at 10, 26.) On January 21, 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the agency's final decision. (*Id.* at 1-6.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease, diabetes mellitus, hypertension, fibromyalgia, and obesity. (*Id.* at 15.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from July 1, 2015 through the date of the decision. (*Id.* at 21.) The ALJ found that Plaintiff did "not have an impairment or combination of impairments that met or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 16-17.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff had the RFC "to perform sedentary work . . . except she could occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds," "to occasionally kneel, stoop, crouch, and crawl," and to "frequently balance," but she should "avoid concentrated exposure to extreme cold and vibration" and "should not be exposed to hazards such as hazardous machinery and unprotected heights." (*Id.* at 17-18.) The ALJ found that Plaintiff was capable of performing past relevant work as an "office manager," which did "not require the performance of work-related activities precluded by [her RFC]." (*Id.* at 20-21.)

II.     Legal Standard

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record

as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

III.   Analysis

Plaintiff raises two arguments for the Court's consideration. First, Plaintiff argues the ALJ erred at step four by classifying her past relevant work as an "office manager." (Pl. Br. at 10-16.) Second, Plaintiff argues the ALJ erred by discounting her symptom testimony. (*Id.* at 16-25.) For the following reasons, the ALJ's decision is affirmed.

…

A. **Plaintiff Forfeited Any Challenge To ALJ's Classification Of Her Past Relevant Work As That Of An "Office Manager"**

Plaintiff argues the ALJ erred at step four by classifying her past relevant work as an "office manager." (Pl. Br. at 10-16.) The Commissioner responds that Plaintiff forfeited this argument by failing to object to the ALJ's classification decision at any point during the administrative proceedings. (Doc. 22 at 14-16.) The Commissioner argues that, during the hearing before the ALJ, Plaintiff's counsel did not object to the vocational expert's ("VE") testimony or his classification of Plaintiff's past relevant work as "office manager." (*Id.*) The Commissioner also notes that Plaintiff specifically characterized two of her past jobs as that of an "office manager" during her testimony. (*Id.* at 17-18, citing R. at 33, 35.) In reply, Plaintiff does not dispute that she used the phrase "office manager" when describing her past jobs and does not dispute that she failed to raise any objections concerning this issue during the administrative process. (Doc. 25 at 8-10.) Nevertheless, Plaintiff argues the ALJ had an affirmative duty to "question a VE as to whether his or her testimony is consistent with the DOT [Dictionary of Occupational Titles]," so her failure to raise the issue did not cause her to forfeit her ability to challenge it here. (*Id.*)

The Court agrees with the Commissioner that Plaintiff forfeited her ability to challenge the ALJ's classification of her past relevant work. "[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Plaintiff did not object to any of the VE's testimony. (R. at 48-51.) Nor did Plaintiff raise the issue before the Appeals Council. (*Id.* at 233-34.) Many courts have held that a failure to challenge a VE's characterization of past relevant work during the administrative process precludes a plaintiff from challenging that characterization on appeal. *See, e.g.*, *Hurtado v. Berryhill*, 749 F. App'x 663, 663 (9th Cir. 2019); *Kyle R. v. Saul*, 2021 WL 1374487, *3 (C.D. Cal. 2021); *Francis v. Saul*, 2020 WL 5073935, *4 (E.D. Cal. 2020); *Razmik Z. v. Saul*, 2020 WL 3440563, *3 (C.D. Cal. 2020); *Pence v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4648397, *4 (D. Ariz. 2019); *Thornbrugh v.*

*Berryhill*, 2018 WL 1509162, *6 (D. Or. 2018); *Steele v. Comm'r of Soc. Sec.*, 2016 WL 5661746, *14 (E.D. Cal. 2016). *But see Irma M. v. Saul*, 2019 WL 3531985, *2 (C.D. Cal. 2019) (declining to find waiver).

The ALJ's affirmative duty under SSR 00-4p does not compel a different result. Plaintiff is correct that "counsel's failure [to reconcile inconsistencies between VE testimony and the DOT] does not relieve the ALJ of [her] express duty to reconcile apparent conflicts through questioning." *Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017). Nevertheless, the Ninth Circuit and other courts finding a lack of waiver due to the ALJ's affirmative duty have generally done so at step five, where the burden is on the Commissioner, as opposed to step four, where the burden is still on the claimant. *See, e.g.*, *Guerrero v. Berryhill*, 2017 WL 4174257, *2 (S.D. Cal. 2017) ("[T]he review in *Lamear* centered on the ALJ's determination at step *five* of the sequential evaluation process, at which point the burden shifts to the government. By contrast, Plaintiff here objects to the finding at step *four*, where the burden still lay with Plaintiff to prove she was disabled and unable to return to past relevant work. Plaintiff presents no argument or authority that the *Lamear* holding applies to a step four analysis and, in fact, all of the authority cited in *Lamear* addresses review of step five determinations.") (citations omitted). *See also Lamear*, 865 F.3d at 1204 (noting that the "only step at issue on appeal" was step five). Plaintiff has only challenged the ALJ's step four findings and, in any event, Plaintiff did not challenge any purported conflict between the VE's testimony and the DOT in her opening brief before this Court—Plaintiff challenged the ALJ's conclusion as inconsistent with her own testimony. *Thacker v. Comm'r of Soc. Sec.*, 2012 WL 1978701, *11 (E.D. Cal. 2012) (noting that, as a "general rule, issues raised for the first time in a reply brief are waived" and collecting cases). *See also Nicoleta S. v. Saul*, 2021 WL 663122, *8 (C.D. Cal. 2021) (same); *Sayavong v. Astrue*, 2012 WL 169767, *9 (E.D. Cal. 2012) (same).

…

…

- 5 -

B. **The ALJ Did Not Err When Discounting Plaintiff's Symptom Testimony**

1. Legal Standard

An ALJ performs a two-step analysis when evaluating a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). Second, if so, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). "A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (internal quotation marks omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal quotation marks omitted).

2. Underlying Facts

Plaintiff testified that she suffers from constant lower back pain and problems with her balance because her feet are numb. (R. at 43-44.) Plaintiff also testified that she could sit, but her pain is exacerbated by sitting down and standing up from sitting, and she could stand only for about 20 minutes at a time and could only walk for 20-25 minutes. (*Id.* at 44-45.) Plaintiff used a cane at the hearing but testified that she was only recommended,

not prescribed, the cane by her doctor and that she didn't have to use the cane at all times. (*Id.* at 43-44.)  Plaintiff also testified that most of the medicine she took wasn't "really taking the pain away." (*Id.* at 41.)

The ALJ discounted Plaintiff's symptom testimony for four reasons.  First, the ALJ found that Plaintiff reported some improvement with treatment. (*Id.* at 19.)  Second, the ALJ found that there were inconsistencies between Plaintiff's activities of daily living ("ADLs") and her claimed limitations. (*Id.*)  Third, the ALJ found that Plaintiff's testimony was inconsistent with the objective medical evidence. (*Id.* at 19-20.)  Fourth, the ALJ found that Plaintiff's testimony was inconsistent with the assessments of her treating physicians, who characterized her "diabetes and hypertension as stable and controlled on multiple occasions," and with the statements she made to her treating physicians during the course of her treatment (*i.e.*, Plaintiff "did not report back or neck pain during multiple routine treatment appointments"). (*Id.* at 20.)

        3.     Discussion

Plaintiff has not established that the ALJ committed error when rejecting her symptom testimony.  As an initial matter, it was permissible for the ALJ to rely on inconsistency with the objective medical evidence as one (albeit not the sole) basis for discounting such testimony. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").  The ALJ identified many objective findings in the record that can be rationally interpreted as undermining Plaintiff's allegations.  For example, the ALJ identified "normal physical and mental status examinations, which . . . noted normal strength, gait, and range of motion, and no neurological or psychiatric abnormalities." (R. at 20.)  There is substantial evidence in the record supporting the ALJ's conclusion that Plaintiff's examinations resulted in such normal findings. (*See, e.g.*, *id.* at 378-79, 384-85, 447, 535, 558, 560, 570, 589-91, 594, 596, 613-14, 661, 663, 665, 667, 674, 676, 737, 805, 809.)

More important, it was permissible for the ALJ to discount Plaintiff's symptom testimony due to its inconsistency with Plaintiff's description of her symptoms to her treatment providers—this is a specific, clear and convincing reason for rejecting a Social Security claimant's symptom testimony. *See, e.g.*, *Bedson v. Comm'r of Soc. Sec. Admin.*, 2019 WL 1198830, *6 (D. Ariz. 2019) ("The Court concludes this was a specific, clear and convincing reason for rejecting Bedson's symptom testimony on this topic. Although Bedson testified at the hearing that her extreme sensitivity to sound was a long-running, disabling condition that was the reason she hadn't been able to hold a steady job over the last 15 years, Bedson didn't make any mention of this condition or its symptoms when being examined by a psychological examiner in 2014. It was permissible for the ALJ to reject Bedson's testimony on this basis.") (citation omitted); *Dunn v. Astrue*, 2009 WL 1844347, *7-8 (C.D. Cal. 2009) (affirming ALJ's rejection of claimant's symptom testimony, where claimant testified at the hearing she "cried daily" yet "never told [her doctor] she cried daily"). Additionally, substantial evidence supports the ALJ's finding of inconsistency on this topic—the medical records cited by the ALJ include multiple instances in which Plaintiff denied experiencing any back or neck pain. (*See, e.g.*, R. at 355 [May 2016 appointment: "[N]o neck stiffness or pain," "Back pain denies"]; *id.* at 357 [April 2016 appointment, same]; *id.* at 591 [January 2017 appointment: "Musculoskeletal: Normal range of motion, Normal strength, No tenderness, No swelling, Normal gait."]; *id.* at 624, 630-32, 641, 645, 653, 657, 662, 666, 671, 675, 682, 690 ["Negative Back pain"]; *id.* at 766-67 [December 2017 appointment: "Neck Pain denies," "Back pain denies"].)

Although Plaintiff identifies various reasons why a different factfinder might have been able to reconcile these statements with her symptom testimony, the ALJ's finding of inconsistency was rational and, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954. Given these conclusions, it is unnecessary to resolve whether the ALJ's additional proffered reasons for discounting Plaintiff's symptom testimony (*i.e.*, improvement from treatment and inconsistency with ADLs) were also

supported by substantial evidence. Even if the ALJ's other reasons were error, substantial evidence supports the ALJ's ultimate conclusion. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("So long as there remains substantial evidence supporting the ALJ's conclusions on . . . credibility and the error does not negate the validity of the ALJ's ultimate [credibility] conclusion, such is deemed harmless and does not warrant reversal.") (alterations in original) (internal quotation marks omitted); *Pederzolli v. Comm'r of Soc. Sec. Admin.*, 2019 WL 1227216, *8 n.3 (D. Ariz. 2019) ("Because the reasons discussed above are sufficient to uphold the ALJ's rejection of Pederzolli's symptom testimony, the Court need not address whether some of the additional reasons identified by the ALJ were also specific, clear and convincing."); *Williams v. Comm'r, Soc. Sec. Admin.*, 2018 WL 1709505, *3 (D. Or. 2018) ("Because the ALJ is only required to provide a single valid reason for rejecting a claimant's pain complaints, any one of the ALJ's reasons would be sufficient to affirm the overall credibility determination."); *Davis v. Astrue*, 2012 WL 4903404, *7 n.5 (W.D. Wash. 2012) ("While in this case only one of the ALJ's two stated reasons for discounting Plaintiff's credibility has been found to be proper . . . , that remaining reason . . . finds ample support in the record, and therefore is sufficient to uphold the ALJ's credibility determination.").

**IT IS THEREFORE ORDERED** affirming the decision of the Administrative Law Judge (R. at 13-21).

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly and close this case.

Dated this 2nd day of September, 2021.

Dominic W. Lanza
United States District Judge